UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 18-0121 (PLF) |
| | ) | |
| JAMES BENJAMIN, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION AND ORDER

This matter is before the Court on the government's sealed motion [Dkt. No. 45] for leave to file its sentencing memorandum under seal and its sealed motion for leave to file its reply sentencing memorandum under seal, which has been hand delivered to the Court but has not yet been docketed electronically. The Court operates, however, on the presumption that all filings are to be public in the absence of a strong justification for filing certain very limited and carefully tailored information under seal. This country has a "strong tradition of access to judicial proceedings." United States v. Hubbard, 650 F.2d 293, 317 n.89 (D.C. Cir. 1980). "[A]s a general rule, the courts are not intended to be, nor should they be, secretive places for the resolution of secret disputes." United States v. Bank Julius, Baer & Co., 149 F. Supp. 3d 69, 70 (D.D.C. 2015) (citing Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978)); see also Metlife Inc. v. Fin. Stability Oversight Council, 865 F.3d 661, 665 (D.C. Cir. 2017). Accordingly, "[t]he starting point in considering a motion to seal court records is a strong presumption in favor of public access to judicial proceedings." Hardaway v. D.C. Hous. Auth.,

843 F.3d 973, 980 (D.C. Cir. 2016) (quoting EEOC v. Nat'l Children's Ctr., Inc., 98 F.3d 1406, 1409 (D.C. Cir. 1996)).

The government contends that sealing its sentencing memorandum and reply memorandum is appropriate because they contain grand jury material, including grand jury exhibits and excerpts from and references to grand jury transcripts. See Motion for Leave to File Sentencing Memorandum Under Seal ("Mot. to Seal") [Dkt. No. 45]. The Court recognizes that Rule 6(e) of the Federal Rules of Criminal Procedure provides that "[r]ecords, orders, and subpoenas relating to grand-jury proceedings must be kept under seal to the extent and as long as necessary to prevent the unauthorized disclosure of a matter occurring before a grand jury." FED. R. CRIM. P. 6(e)(6). The Court agrees that protection of grand jury proceedings and materials is of paramount importance. See Douglas Oil Co. of California v. Petrol Stops Nw., 441 U.S. 211, 218 (1979). It seems here, however, that much of the government's sentencing memorandum does not reference or pertain to grand jury proceedings.[1] So far as the Court can tell, the first two pages of the sentencing memorandum make no references to grand jury materials, and some portions of the Statement of Offense section are clearly based on the Statement of Offense already filed on the public docket at the time of the plea. See Dkt. No. 35 at 2-4. The Legal Argument portion of the sentencing memorandum does not contain references to grand jury materials. Large portions of those sections of the government's memorandum, therefore, appear not to implicate the secrecy integral to grand jury proceedings. Similarly, Exhibits 1, 4, 10, and 13 appear not to be grand jury materials or related to the grand jury proceedings.

---

[1] The Court has not yet had the opportunity to review the contents of the proffered reply memorandum.

The Court will not seal a filing in its entirety when it is not necessary to do so. The Court, therefore, will grant the government's motions to file its sentencing memorandum and reply memorandum under seal in part and deny the motions in part. The government must file on the public docket a redacted version of its two memoranda just as Mr. Benjamin has done. <u>See</u> Sentencing Memorandum on Behalf of James Benjamin [Dkt. No. 44]. It may redact grand jury material from the memoranda and exhibits, but nothing else. Accordingly, it is hereby

ORDERED that the government's motions to file its sentencing memorandum [Dkt. No. 45] and its reply memorandum, and attached exhibits, under seal are GRANTED in part and DENIED in part; it is

FURTHER ORDERED that the government's sentencing memorandum and reply memorandum and exhibits may be filed under seal; and it is

FURTHER ORDERED that on or before October 2, 2019, the government shall file on the public docket a copy of its sentencing memorandum and its reply memorandum in which portions are redacted solely to the extent necessary to preserve the confidentiality of grand jury material.

SO ORDERED.

_____
PAUL L. FRIEDMAN
United States District Judge

DATE: September 25, 2019